IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-05-0324 MMC |
| Plaintiff, | **DISCOVERY ORDER** |
| v. | |
| RAYMOND HILL, et al., | |
| Defendants / | |

On January 18, 2006, the Court conducted a hearing on two discovery motions filed, respectively, November 18, 2005 and December 8, 2005, by defendant Dennis Cyrus, Jr. ("Cyrus") and joined thereafter by the other defendants to the instant action. Having considered the papers filed in support of and in opposition to the motions, and the arguments of counsel, and for the reasons stated at the hearing, the Court rules as follows.

**I. Witness Safety**

The Court agrees with the United States that early identification of fact witnesses will pose an undue risk to the safety of such witnesses. Accordingly, to the extent any material identifying fact witnesses is discoverable, including any of the discovery referenced in this order infra, the following schedule applies:

1. Up to 90 days before trial, the United States is relieved, as to any non-law enforcement fact witness, from providing the witness's name, locator data, or other

information that would identify the witness.  The United States may redact such witness's name and data from any materials disclosed in advance of the 90th day before trial.

2.  By the 90th day before trial, the United States must disclose all previously-redacted information by providing unredacted copies of previously-redacted materials.

3.  All such unredacted information shall be provided solely under a protective order barring disclosure, whether directly or indirectly, to any defendant or to anyone other than counsel and one investigator per defendant.  Access shall be limited to two counsel and one investigator per defendant and to use solely in this case.  Within 21 days of trial, however, disclosure of protected information may be made to any defendant or other individual if, but only if, in the prudent judgment of defendant's counsel, such disclosure is reasonably necessary to prepare the defense.  Specific locator data, however, shall never be disclosed to any defendant or anyone other than counsel and the investigator without a prior court order.  All counsel and investigators must acknowledge in writing these restrictions under the protective order.  The witness list required by 18 U.S.C. § 3432, if any, likewise shall be provided 21 days before trial under the same protective order.

4.  This timetable is without prejudice to any party, upon a showing of good cause, seeking a modification as to any specific item or witness.

5.  Except as required by Brady v. Maryland, 373 U.S. 83 (1963), nothing in this order requires disclosure of the identity of any confidential undercover informant unless the United States plans to call the informant as a witness at trial.  Any request for disclosure of the identity of any confidential undercover informant shall be made by separate motion.

**II. Specific Categories of Discovery**

The Court turns to specific categories identified in Cyrus's motion filed December 8, 2005.

**A. Defendants' Requests 1 Through 20**

In Requests 1 through 20, defendants seek discovery of the following material:

//

//

### 1. Written or Recorded Statements Made By Defendants in This Case or Other Federal Case Bearing on Current Charges

The United States shall produce these materials on a continuing basis within 14 days of receipt or 90 days before trial, whichever is earlier.

### 2. Substance of Oral Statements Made by Defendants Intended to be Offered at Trial

The United States shall produce these materials on a continuing basis within 14 days of receipt or 90 days before trial, whichever is earlier.

### 3. Statements By Defendants to Undercover Agents or Witnesses

The United States shall produce these materials on a continuing basis within 14 days of receipt or 90 days before trial, whichever is earlier, with the exception that to the extent such statements are governed by the Jencks Act, see 18 U.S.C. § 3500(a), the statements are not subject to discovery until after the witness has testified on direct examination.

### 4. Defendants' Prior Criminal Records

The United States shall produce these materials on a continuing basis within 14 days of receipt or 90 days before trial, whichever is earlier.

### 5. Papers, Documents, Photographs, Tangible Objects, and Other Physical Evidence Intended to be Offered at Trial, Obtained From or Belonging to a Defendant, or Material to Preparation of Defense

The United States shall produce these materials on a continuing basis within 14 days of receipt or 90 days before trial, whichever is earlier.

### 6. Personnel, Disciplinary, or Other Files Concerning Investigating Agents

The United States shall disclose impeachment information concerning testifying federal law enforcement witnesses, and any state, county, or local law enforcement witnesses whose records have been voluntarily furnished to the United States, no later than 90 days before trial, subject to in camera review by the Court.

### 7. Disclosure of Experts and Summary of Expert Testimony Intended to be Offered at Trial

The United States shall produce these materials on a continuing basis within 14 days of receipt or 90 days before trial, whichever is earlier.

### 8. Results of Scientific Experiments

The United States shall produce these materials on a continuing basis within 14 days of receipt or 90 days before trial, whichever is earlier.

### 9. Bases for Conclusions, Experts' Qualifications, and Items Used by Experts Re: Scientific Experiments

The United States shall produce these materials on a continuing basis within 14 days of receipt or 90 days before trial, whichever is earlier.

### 10. Impeaching Information Re: Government Witnesses

The United States shall produce impeachment information pursuant to Giglio v. United States, 405 U.S. 150 (1972), on a continuing basis, no later than 5 days following the date on which the United States determines the "point of 'reasonable probability' is reached," see Kyles v. Whitley, 514 U.S. 419, 437 (1995), or 90 days before trial, whichever is earlier.

### 11. Names and Addresses of Non-Testifying Witnesses

The United States shall produce the names and addresses of non-testifying "witnesses to the actions described in the indictment," see United States v. Cadet, 727 F. 2d 1453 (9th Cir. 1984), on a continuing basis, no later than 5 days after the United States decides not to call any such witness at trial or 90 days before trial, whichever is earlier.

### 12. Jencks Act Statements

Statements governed by the Jencks Act are not subject to discovery until after the witness has testified on direct examination. See 18 U.S.C. § 3500(a).

### 13. Rule 26.2 Witness Statements

Statements governed by Rule 26.2 are not subject to discovery until after the witness has testified on direct examination. See Fed. R. Crim. P. 26.2(a).

**14. Rule 404(b) Acts of Defendants and Unindicted Co-Conspirators**

The United States shall produce these materials on a continuing basis within 14 days of receipt or 90 days before trial, whichever is earlier.

**15. Brady Materials**

The United States shall produce these materials on a continuing basis, no later than 5 days following the date on which the United States determines the "point of 'reasonable probability' is reached," see Kyles, 514 U.S. at 437, or 90 days before trial, whichever is earlier, with the exception that to the extent any Brady material is also governed by the Jencks Act, the material is not subject to discovery until after the witness has testified on direct examination.

**16. Electronic or Surreptitious Interception of Conversations by Defendants or Unindicted Co-Conspirators**

The United States shall produce these materials on a continuing basis within 14 days of receipt or 90 days before trial, whichever is earlier.

**17. Telephone Toll Records**

The United States shall produce these materials on a continuing basis within 14 days of receipt or 90 days before trial, whichever is earlier.

**18. Grand Jury Testimony of Witnesses Who Will Not Testify**

The United States shall produce such testimony, to the extent such material constitutes Brady material, no later than 5 days following the date on which the United States determines the "point of 'reasonable probability' is reached," see Kyles, 514 U.S. at 437, or 90 days before trial, whichever is earlier.

**19. Grand Jury Testimony of Trial Witnesses**

Such testimony is governed by the Jencks Act and, consequently, is not subject to discovery until after the witness has testified on direct examination. See 18 U.S.C. §§ 3500(a), 3500(e)(3).

//

//

### 20. Documents Concerning Conversations Between United States and State or Local Authorities Re: Defendants' Transfer from State to Federal Custody and Prosecution of Defendants by Federal Authorities

Defendants' request for disclosure of such documents is denied.

### B. Defendants' Requests 21 Through 43

In Requests 21 through 43, defendants seek discovery of material "in part because the government has notified [Cyrus] the death penalty may be sought against him." (See Mot., filed December 8, 2005, at 10:16-18.)

Although the United States Attorneys' Manual ("USAM") "provides the defendant with an opportunity to appear before the [Attorney General's Death Penalty] Committee, and present reasons why the government should not seek the death penalty," see United States v. Fernandez, 231 F. 2d 1240, 1245 (9th Cir. 2000), "the USAM does not create any substantive or procedural rights, including discovery rights," see id. at 1246. Accordingly, defendants are not entitled to discovery to assist in preparation for such opportunity. Further, because the United States has not yet determined whether to pursue the death penalty, it is premature to order the United States to provide any discovery solely relevant to penalty, and such requests are denied without prejudice. To the extent some of the discovery sought in Requests 21 through 43 also bears on the issue of guilt, such material is covered by Requests 1 through 20, and is subject to disclosure as described above, in particular, under Brady and Rules 16, 26.2 (§ 3500) and 404(b).

### CONCLUSION

For the reasons stated above, Cyrus's motions for discovery are hereby GRANTED in part and DENIED in part, as set forth above.

**IT IS SO ORDERED.**

Dated: February 27, 2006

MAXINE M. CHESNEY
United States District Judge