JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

WILLIAM FRENTZEN (LASBN 24421)
ROBERT DAVID REES (CASBN 229441)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102
Telephone: (415) 436-6959/7210
Facsimile: (415) 436-7234
Email: william.frentzen@usdoj.gov; robert.rees@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-05-0324 MMC |
| Plaintiff, | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE: DISCLOSURE OF WITNESS NAMES AND STATEMENTS** |
| v. | |
| RAYMON D. HILL; et al., | |
| Defendants. | |

With the agreement of the parties, and with the consent of the defendants, the Court enters the following order:

Defendants Raymon Hill, Aquil H. Peterson, Lester W. Hogan, Steve Wilson, and Mister Meilleur are charged with offenses which involve, *inter alia*, narcotics conspiracy, conspiracy to commit RICO violations, the murder of a federal witness, and other acts of violence. The Court has previously made a finding of a risk of harm to witnesses. The United States will produce to counsel for the defendants in this case, Alfredo Morales, Carlene Arlidge, Randy Sue Pollock, Melinda Haag, Roger Patton, and Peter Goodman, witness names and statements pursuant to the *Jencks* Act, 18 U.S.C. § 3500, prior to the time required by statute on certain witnesses which the government believes are sufficiently safe to disclose to counsel only. The United States requests, and, defendants agree, that disclosure of these materials be subject to the following restrictions:

1. Except when being actively examined for the purpose of the preparation of the defense of defendants named in this case, the witness names and statements produced by the United States to defense counsel Alfredo Morales, Carlene Arlidge, Randy Sue Pollock, Melinda Haag, Roger Patton, and Peter Goodman shall be maintained in a locked, safe, and secure drawer, cabinet, or safe which is accessible only to defense counsel and counsel who are members of their trial preparation teams working with them to prepare the defense of the defendants. Defense counsel and members of their trial preparation teams shall not permit any person access of any kind to the witness names and statements except as set forth below.

2. The following individuals may examine the witness identities and statements for the sole purpose of preparing the defense of defendants and for no other purpose:

   a. Counsel for the defendants, Alfredo Morales, Carlene Arlidge, Randy Sue Pollock, Melinda Haag, Roger Patton, and Peter Goodman;

   b. Persons employed by the law offices of defense counsel who are assisting with the preparation of defendants' defenses;

   c. Any expert(s) retained on behalf of defendants to assist in the defense of this matter;

    d. Any investigator(s) retained on behalf of defendants to assist in the defense of this matter; and

    e. Defendants Aquil Peterson, Raymon Hill, Lester W. Hogan, Steven Wilson, and Mister Meilleur, but only after a jury is sworn in this matter. At no time and under no circumstances shall copies of any documents identifying witnesses or containing witness be left with the defendants.

  3. A copy of this order shall be maintained with the witness names and statements at all times.

  4. All individuals who receive access to the materials pursuant to this Order, prior to receiving access to the materials, shall sign a copy of this order acknowledging that:

    a. They have reviewed the order;

    b. They understand all its contents;

    c. They agree that they will only access the witness names and statements for the purposes of preparing a defense for defendants;

    d. They will not make any copies of any witness names or statements without express approval of government counsel, William Frentzen or Robert David Rees;

    e. They understand that failure to abide by this order may result in sanctions by this Court and criminal charges for contempt.

  5. With regard to the orders signed pursuant to paragraph 4, counsel for defendants shall promptly file signed copies of the order, ex parte and under seal. The United States shall have no access to these signed copies without further order of the Court.

  6. No other person may be allowed to examine the material without further court order. Examination of the information shall be done in a secure environment which will not expose the materials to other individuals not listed above.

  7. No copies of any of the witness names or statements may be made without further court order.

  8. Any pleadings that include or make reference to the witness names, statements or the above-described orders or their contents shall be filed under seal.

9. No person who has access to the witness names and statements shall inform the defendants themselves or any other individual not listed above as to the identities of the witnesses disclosed in any manner, form or fashion, whether written or oral. This obligation shall include suggesting in any way to an uncovered individual that any particular identified witness is testifying or what the substance of the testimony may include. This obligation also includes suggesting in any way to the defendants themselves, prior to the time a jury is sworn, that any particular identified witness is testifying or what the substance of the testimony may include.

10. No disclosure of the materials shall be made at any time to defendant Dennis Cyrus, Jr., or his defense counsel or any attorney or investigator acting on behalf of defendant Cyrus.

IT IS SO STIPULATED:

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: January 25, 2008

By: /s/
WILLIAM FRENTZEN
ROBERT DAVID REES
Assistant United States Attorneys

IT IS SO STIPULATED:

Dated: January 25, 2008

/s/
ALFREDO MORALES, ESQ.
Attorney For Defendant Peterson

/s/
CARLENE ARLIDGE, ESQ
Attorney For Defendant Peterson

/s/
RANDY SUE POLLOCK, ESQ.
Attorney For Defendant Hill

<pre>
                    /s/
_____
MELINDA HAAG, ESQ.
Attorney For Defendant Hogan


                    /s/
_____
ROGER PATTON, ESQ.
Attorney For Defendant Wilson


                    /s/
_____
PETER GOODMAN, ESQ
Attorney For Defendant Meilleur
</pre>

IT IS SO ORDERED that disclosure of the above-described discovery materials shall be restricted as set forth above.

Dated: January 28, 2008

_____
HON. MAXINE M. CHESNEY
United Stated District Judge