| | |
|---|---|
| 1 | JOSEPH P. RUSSONIELLO (CASBN 44332)<br>United States Attorney |
| 2 | |
| 3 | BRIAN J. STRETCH (CSBN 163973)<br>Chief, Criminal Division |
| 4 | WILLIAM FRENTZEN (LABN 24421)<br>ROBERT DAVID REES (CSBN 229441) |
| 5 | Assistant United States Attorneys |
| 6 | 450 Golden Gate Avenue<br>San Francisco, CA 94103 |
| 7 | Telephone: (415) 436-6959/7210<br>Fax: (415) 436-7234 |
| 8 | E-mail: William.Frentzen@usdoj.gov<br>Robert.Rees@usdoj.gov |
| 9 | |
| 10 | Attorneys for United States of America |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **No. CR 05-00324 MMC** |
| Plaintiff, | ) ) | **UNITED STATES' EMERGENCY EX PARTE MOTION TO REJOIN TRIAL** |
| v. | ) ) | **OF DEFENDANTS HILL AND WILSON WITH TRIAL OF DEFENDANT** |
| RAYMON HILL, et. al., | ) ) | **CYRUS** ; ORDER THEREON |
| Defendants. | ) ) | Date: February 4, 2008<br>Court: Hon. Maxine M. Chesney |

## I. INTRODUCTION

The Court granted a severance of defendant Cyrus from the remaining defendants based upon a concern regarding the jury's ability to separate the evidence which was admissible against the co-defendants as compared to the evidence against defendant Cyrus. That motion was granted despite the Court's acknowledgment that in a conspiracy and RICO case such as the instant case, most of the evidence against each defendant would be admissible against the others. The Court granted the motion at a time when there were five defendants in addition to defendant Cyrus all facing trial. Yesterday, on January 29, 2008, three of the defendants entered guilty pleas and will not be proceeding to trial. That has created the new circumstance of leaving only

GOVERNMENT'S MOT. TO REJOIN DEFENDANTS
[CR 05-00324 MMC]                      1

two defendants for the trial currently scheduled for February 4, 2008, with the trial of defendant Cyrus to follow in September 2008. Given the recent material change in circumstances, and the fact that jurors have already filled out questionnaires, the government moves to rejoin defendants Hill and Wilson with the trial of Cyrus, and does so ex parte in the sense that the Court hear the motion in less than the 14 days normally required by the local rules.

## II. STATEMENT OF FACTS

Seven defendants were originally indicted in a single indictment. The indictment alleged that all seven defendants participated in a narcotics conspiracy. The indictment alleged that five of the seven defendants – Hill, Cyrus, Peterson, Hogan, and Wilson – participated in a RICO conspiracy which involved each of the five committing or conspiring to commit acts of violence including murder and attempted murder. Various VICAR violations were charged against each of the five defendants charged in the RICO conspiracy. The indictment alleged that three of the defendants – Peterson, Meilleur, and Cyrus – committed substantive narcotics violations. The indictment alleged that four of the defendants – Hogan, Cyrus, Peterson, and Wilson – possessed firearms during and in relation to crimes of violence. Finally, the indictment alleges that, during the course of related proceedings, defendant Hill made a false statement to a Magistrate Judge in an effort to be released from custody.

Now, only three defendants remain: Hill, Wilson and Cyrus. All three are charged with the narcotics conspiracy in Count One. All three are charged in the RICO conspiracy in Count Two. All three are charged in substantive VICAR counts. Cyrus is charged in substantive narcotics violations. Cyrus and Wilson are charged with firearms possessions related to crimes of violence. This is a far simpler case now in terms of separating defendants and evidence from each other than it was at the time the Court granted the severance.

## III. ARGUMENT

The Court retains great latitude in determining whether cases of co-conspirators should be severed or tried together. The Ninth Circuit reviews "for an abuse of discretion the court's decision on a motion for severance." *United States v. Pitner*, 307 F.3d 1178, 1181 (9th Cir. 2002). Furthermore, "[j]oinder must be so manifestly prejudicial that the district court was

required to conduct separate trials." *United States v. Taren-Palma*, 997 F.2d 525, 533 (9th Cir. 1993).

Because joint trials conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial, Rule 8(b) is construed liberally in favor of joinder. *United States v. Baker*, 10 F.3d 1374, 1387 (9th Cir. 1993), *overruled on other grounds*, *United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000). In addition to the general preference for trying co-defendants together, there is a special preference for trying co-conspirators together, and defendants jointly charged in conspiracy cases are presumptively to be jointly tried. *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980). In order to obtain a severance of a properly joined case, defendants have to show more than simple prejudice as "some prejudice is inherent in any joinder of defendants." *United States v. Vaccaro*, 816 F.2d 443, 448-49 (9th Cir. 1987). Rather, defendants must show that the jury may not reasonably be expected to collate and appraise the independent evidence against each defendant, *Baker*, at 1387, and that proper limiting instructions will not suffice to cure any such potential prejudice. *Id.*

This is especially true in this case where both trials will involve almost exactly the same evidence. This is because the government must prove that each of the defendants was a member of a RICO conspiracy. To do that, the government will have to prove the existence of the RICO conspiracy alleged in Count Two. In *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004), the Ninth Circuit looked to the Second Circuit for insight on this particular issue. "Proof of [RICO] elements may well entail evidence of numerous criminal acts by a variety of persons, and each defendant in a RICO case may reasonably claim no direct participation in some of those acts. Nevertheless, evidence of those acts is relevant to the RICO charges against each defendant, and the claim that separate trials would eliminate the so-called spillover prejudice is at least overstated if not entirely meritless." *Id.* (quoting *United States v. DiNome*, 954 F.2d 839, 843 (2d Cir. 1992)).

The trial of Cyrus will require the government to prove the RICO enterprise and conspiracy regardless of who is tried with him. Therefore, the evidence related to criminal

activities of Hill and Wilson will come into evidence at the trial of Cyrus and vice versa. There is no additional danger of prejudicial spillover from joining the trials of Hill and Wilson with Cyrus. And certainly there is far less such potential prejudice now that there are only three defendants rather than seven.[1]

In terms of the powerful interest of judicial economy, the Court should consider the following: (1) all the same witnesses will be called twice if there are two trials; (2) many of those witnesses have severe security concerns which the Court has previously recognized to be legitimate concerns; (3) those witnesses will be known and exposed from the time of the first trial through and to the conclusion of the second trial despite that the government begged for an immediate second trial of Cyrus; (4) although the Court has summoned a panel of jurors who have filled out jury questionnaires, it would be far less inconvenience and waste of their time to simply thank them and send them home than to keep them in court watching a needless first trial for three to four months; (5) the Court would not be tied up in this trial for three to four additional months to the three to four months it will be tied up for the second trial; (6) government counsel could spend some time attempting to prepare and/or resolve a major RICO trial with capital defendants set for November 17, 2008, in front of Judge Alsup which the Court has effectively disrupted by setting the September 2008 trial date in this matter; and (7) defense counsel will be able to more effectively share resources in defending the case as a whole rather than potentially having one or two defense counsel defend an entire RICO enterprise charged against numerous defendants who are not their client.

DATED: January 29, 2008              Respectfully submitted,

                                     JOSEPH P. RUSSONIELLO
                                     United States Attorney


                                     _____/S/_____
                                     WILLIAM FRENTZEN
                                     ROBERT DAVID REES
                                     Assistant United States Attorneys

---

[1] As the Court previously recognized, under *Buchanan v. Kentucky*, 483 U.S. 402 (1987), that Cyrus will face a jury which will be qualified to follow the law as it regards capital punishment is not a bar to the same jury evaluating the charges as to defendants Hill and Wilson.

|   |   |
|---|---|
| 1 | **[PROPOSED] ORDER** |
| 2 | For good cause shown, the Court hereby GRANTS the United States' request to |
| 3 | file a "Emergency Ex Parte Motion to Rejoin Trial of Defendants Hill and Wilson with Trial of |
| 4 | Defendant Cyrus" for immediate determination, and without the amount of advance notice |
| 5 | otherwise required by statute, federal rule, or local rule, as authorized by Crim. L. R. |
| 6 | 47-3. Accordingly, the Court will conduct a hearing on the motion on Monday, February 4, 2008, at 9:00 a.m. Given the shortness of the notice, if counsel for one or more of the defendants needs |
| 7 | additional time to respond, the Court will consider any such request at the February 4, 2008 hearing. If counsel for defendant Cyrus is unavailable on the above-scheduled date, said counsel |
| 8 | shall contact counsel for all affected parties and endeavor to agree upon an alternative date and/or |
| 9 | Dated: January 30, 2008    *[signature]*                                                    time. |
| 10 | HON. MAXINE M. CHESNEY<br>United States District Judge |

GOVERNMENT'S MOT. TO REJOIN DEFENDANTS
[CR 05-00324 MMC]                                    5