JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
ROBERT DAVID REES (CASBN 229441)
DOUGLAS SPRAGUE (CASBN 202121)
CHRISTINE WONG (NYBN 3988607)
Assistant United States Attorneys

   450 Golden Gate Avenue
   San Francisco, California 94102
   Telephone: (415) 436-6959/7210
   Facsimile: (415) 436-6753
   E-Mail: william.frentzen@usdoj.gov
             robert.rees@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br> v. <br> DENNIS CYRUS, JR. <br>     Defendant. | No. CR 05-00324 MMC <br><br> [~~PROPOSED~~] **ORDER** ~~FORMING A~~ RE: "**TAINT TEAM**" APPOINTMENT AND PROCEDURES |

**ORDER**

To comply with the limitations of Rule 12.2 and this Court's orders, the government has assembled a "taint" team (1) to coordinate with the defense the timing and scope of any mental health examinations and testing of the defendant conducted by the government's experts; (2) to litigate issues concerning the scope of such mental health examinations and testing, as well as the sufficiency of the expert witness disclosures made by the defendant to date, if it becomes necessary to do so; and (3) to communicate with the government's experts following any

[PROPOSED] ORDER, CR-05-324(MMC)   -1-

examination or testing of the defendant to insure that information obtained during the scope of such examinations or testing is not prematurely and improperly disclosed to members of the prosecution team.

Having reviewed the Notice of Formation of a Taint Team, filed by the government, and having considered opposition thereto, it is hereby ORDERED that:

1. The taint team shall consist of two Assistant United States Attorneys (the "Taint Team."). The Assistant United States Attorneys from the Northern District of California Oakland office are Douglas Sprague and Christine Wong.

2. The following restrictions will apply to all documents, records and information disclosed by the defendant to the Taint Team that relate to Rule 12.2 examinations of the defendant, as well as all documents, records and information obtained or developed by any expert working with the Taint Team regarding the Rule 12.2 examinations of defendant:

a. The documents, records and information shall be disclosed only to (i) the Taint Team; (ii) ~~if necessary, an~~y additional individuals in the United States' Attorney's Offices other than the Northern District and in the Department of Justice in Washington, D.C. not connected to the trial team, provided such disclosure is first approved by the Court as necessary to assist the Taint Team in this case; and (iii) any expert(s) working with them. Each of the foregoing will be an "authorized individual" for the purpose of this stipulation and protective order. The Taint Team will maintain a list of the names of any authorized individual and shall require each authorized individual to read and sign a certification referred to in subparagraph "e" below.

b. The foregoing documents, records and information regarding the examinations of the defendant will not be disclosed by any authorized individual, directly or indirectly, to Assistant United States Attorneys William Frentzen, Robert David Rees, Jim Chou, and Brian Stretch, First Assistant United States Attorney David Anderson, United States Attorney Joseph P. Russoniello, or to any other attorney, staff member, agent, expert or consultant working for or with them (the "Prosecution Team") in connection with the prosecution of this case during the period that the firewall is in effect.

c. The foregoing documents and records and information shall be

[PROPOSED] ORDER, CR-05-324(MMC)    -2-

used by each authorized individual solely for the purpose of this case. Each authorized individual shall not divulge the documents, records or information to anyone who is not an authorized individual during the period that the firewall is in effect.

   d. Submissions to the Court referring to the foregoing documents, records or information shall be filed (i) at least temporarily under seal, and (ii) be served only on defense counsel and the Taint Team.

   e. Each authorized individual shall file, under seal, a statement under oath which represents that he or she has read a protective order reflecting the terms under which the Taint Team and all Authorized Individuals must operate and which recognizes that a willful violation of it may be deemed a civil and/or criminal contempt.

   f. If an authorized individual learns of a possible violation of this order, he or she shall inform the Court promptly.

   g. If, at any time during which the firewall is in effect, the Taint Team believes that the information produced to them need not be protected by the firewall, they may petition the Court for review pursuant to the procedure in subparagraph "d" above for a determination whether the information should be protected by the firewall according to the terms of this stipulation.

   h. The firewall shall remain in effect until ~~a guilty verdict is rendered by the jury~~ otherwise ordered by the Court. Following notification by defendant's counsel to the Taint Team regarding whether any, and what, expert evidence produced to the Taint Team the defense will present in the penalty phase of the trial, the Taint Team will then reveal the information produced to them by the defense and developed by the Government's experts and related Taint Team's investigation to any other Government attorney or employee. If, based on the notice provided by the defendant after any ~~at the time of the~~ guilty verdict, the defendant chooses not to present any particular expert evidence that was produced to the Taint Team, then the Taint Team shall seal said evidence and shall not disclose said evidence to the Prosecution Team until further order of Court. If the Taint Team believes that the evidence should nonetheless be available to any other Government attorney or employee, the Taint Team will petition the Court according to the procedure in

[PROPOSED] ORDER, CR-05-324(MMC) -3-

1 | subparagraph "d" above for a determination whether the evidence in question should be
2 | unsealed.
3 |     3. The terms of this firewall will apply only to this case.

SO ORDERED, this __17th__ day of __September__, 2008.

                                              HON. MAXINE M. CHESNEY
                                              UNITED STATES DISTRICT JUDGE
                                              NORTHERN DISTRICT OF CALIFORNIA