IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 05-0324 MMC |
| Plaintiff, | **ORDER RE: DEFENDANT'S MOTION FOR RECONSIDERATION** |
| v. | |
| DENNIS CYRUS, JR., | |
| Defendant / | |

The Court is in receipt of defendant Dennis Cyrus's Motion for Reconsideration of Order Re Taint Team, filed September 17, 2008, and by which said defendant seeks reconsideration of the Court's September 17, 2008 Order Re: "Taint Team" Appointment and Procedures.[1] Having read and considered the motion, the Court rules as follows.

Defendant first seeks reconsideration of the appointment of a Taint Team consisting of two attorneys from the Criminal Division of the United States Attorney for the Northern District, as opposed to appointment of attorneys located in another District. As defendant observes, such objection was considered and overruled at the hearing conducted on

---

[1] The subject order appoints a "Taint Team," consisting of Douglas Sprague and Christine Wong, and sets forth restrictions applicable to "all documents, records and information disclosed by the defendant to the Taint Team that relate to Rule 12.2 examinations of the defendant, as well as all documents, records and information obtained or developed by any expert working with the Taint Team regarding the Rule 12.2 examination of defendant." (See Order at 2:6-12.)

September 2, 2008 hearing. Having further considered the matter, the Court finds no grounds exist for reconsideration of such determination. Accordingly, to the extent defendant's motion is based on such objection, the motion is hereby DENIED.

Defendant next seeks reconsideration of a portion of the following provision in the Court's order: "The documents, records, and information shall be disclosed only to (i) the Taint Team; (ii) additional individuals in the United States' Attorney's Office other than the Northern District and in the Department of Justice in Washington, D.C. not connected to the trial team, provided such disclosure is first approved by the Court as necessary to assist the Taint Team in this case; and (iii) any expert(s) working with them." (See Order at 2:13-17.) Specifically, defendant objects to inclusion of subsection (ii) of the above-quoted provision because, defendant argues, subsection (ii) does not "require the Government to apply to [the Court] to expand the taint team as a condition precedent to any discussion internal to the Government about taint team issues." (See Def.'s Mot. at 5:5-6.)[2] The above-quoted provision, however, cannot be reasonably interpreted in the manner suggested by defendant. Rather, the express terms of the provision prohibit the Taint Team from disclosing any of the referenced "documents, records and information" to any other individual in the United States' Attorney's Office or Department of Justice unless such disclosure is "first approved" by the Court. Consequently, discussions concerning "taint team issues" cannot occur in the absence of prior approval by the Court, as such "issues" would necessarily involve the type of "information" that is the subject of the Court's September 17, 2008 order. Accordingly, defendant's motion, to the extent it seeks reconsideration of the above-quoted provision, is hereby DENIED.

Finally, defendant requests the Court add five new provisions to the September 17,

---

[2] A different, more broad version of subsection (ii) was proposed by the Government in a notice filed September 11, 2008. Defendant asserts the Court issued its September 17, 2008 order before defendant had an opportunity to respond to the Government's proposal. The Court had expected the parties to meet and confer on the form of a proposed order before the parties submitted a joint or separate proposals. In any event, the Court delayed issuance of an order until six days after the Government had submitted its proposal, thus leaving ample opportunity for defendant to file any response thereto.

2008 order. (See Def.'s Mot. at 2:27-3:17.) Given such provisions are being proposed for the first time by the instant motion, the Court hereby DIRECTS the parties to meet and confer, no later than October 3, 2008, regarding the propriety of adding such additional provisions. Further, no later than October 7, 2008, the parties are DIRECTED to file a jointly proposed Amended Order Re: "Taint Team" Appointment and Procedure, or, in the event the Government objects to inclusion of one or more of the newly-proposed additional provisions, a Joint Statement setting forth the parties' respective positions, along with any separately-proposed amended order(s).[3]

**IT IS SO ORDERED.**

Dated: September 25, 2008

MAXINE M. CHESNEY
United States District Judge

---

[3]Defendant's agreement to the form of a proposed Amended Order or submission of a separately-proposed Amended Order will be not be considered a waiver of defendant's previously-stated objections to any part of the Order Re: "Taint Team" Appointment and Procedures.

3