IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DENNIS CYRUS, JR.,<br><br>Defendant<br>_____/ | No. CR 05-0324 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO READ JURORS SCRIPT REGARDING TRIAL PROCEEDINGS (DEFENDANT'S TRIAL MOTION NO. 45)** |

Before the Court is defendant Dennis Cyrus, Jr.'s "Motion to Read Jurors Script Regarding Trial Proceedings," filed August 31, 2008, to which the United States responded on October 6, 2008. Thereafter, on October 29, 2008, defendant filed proposed Revised Script, and, on October 30, 2008, the United States filed a Proposed Instructions for Juror Questionnaire.

Having read and considered the papers filed in support of and in response to the motion, the Court hereby GRANTS the motion to the extent the motion requests that the Court read a statement to the prospective jurors prior to their receipt of the Juror Questionnaire, and DENIES the motion to the extent the motion requests that the Court read the Revised Script proposed by defendant. Rather, the Court, having read and considered the parties' respective proposals, declines to adopt either such proposal in its entirety, and instead will read the following statement to the prospective jurors in advance

of their receiving the Juror Questionnaire:

You have been summoned here today for the purpose of beginning jury selection in a criminal case. The name of the case is the United States v. Dennis Cyrus, Jr. At this point I am going to introduce the parties and counsel. First, the government is represented by Assistant United States Attorneys William Frentzen and Robert Rees. Mr. Frentzen and Mr. Rees, please stand. Mr. Cyrus, please stand. Mr. Cyrus is represented by attorneys John Philipsborn and James Thomson.

After I conclude these remarks, you will be asked to fill out a questionnaire, which the Court and the parties will use to try to expedite the jury selection process. That is the only purpose for which the information will be used. You are under oath here today and you are required to answer all of the questions truthfully, even if you might consider some of the information embarrassing or unnecessary. The Court and the parties are asking these questions so that we can fulfill the obligations of our justice system to obtain a jury that will be fair and impartial to both sides and which will properly follow the legal instructions that the Court will provide during the trial. Before you fill out the questionnaire, I want to discuss briefly the nature of this case with you.

As I noted earlier, the defendant charged in this case is Dennis Cyrus, Jr. I will briefly describe those charges in just a moment. I wish to stress in advance, however, that the charges are only allegations and are not evidence or proof against the defendant in any way. The defendant has pleaded not guilty to the charges. As we will discuss in more detail later in the case if you are selected to serve on the jury, the defendant is presumed to be innocent. That presumption of innocence remains with the defendant unless the government is able to prove his guilt of the crimes charged beyond a reasonable doubt.

The charges against the defendant generally include participating in a narcotics conspiracy, participating in a racketeering conspiracy, violent crimes in aid of racketeering, including murder and attempted murder, possession of crack cocaine with the intent to distribute, and firearms violations in connection with such charges. These crimes are alleged to have been committed by Mr. Cyrus in 2002 and are alleged to be related to his

involvement with an alleged gang called the "Page Street Mob." Again, these are only the charges and nothing has been proved at this point.

Because Mr. Cyrus faces the possibility of a death sentence if he is convicted of one or more of the murder charges, this case is what is referred to as a capital case. I will explain to you how a capital case proceeds. Potentially this case has two stages. The first requires the jury to consider whether or not the government has proved the charges brought against the defendant, Mr. Cyrus, beyond a reasonable doubt. At this stage of the proceedings, the jury shall not consider any possible punishment that might be imposed.

If, at the conclusion of the first stage, the jury reports that it does not find the defendant, Mr. Cyrus, guilty of any of the capital charges, then the jury's responsibilities are at an end. This is so regardless of how the jury finds as to any other charges, because the court decides the punishment for non-capital crimes.

If the jury reports that it finds the defendant, Mr. Cyrus, guilty of any of the capital charges, then we will proceed to a second stage: a penalty stage, at which additional evidence is presented and the jury considers whether the death penalty should be imposed.

During the penalty stage each side has the opportunity to present evidence relating to the crimes or about the defendant himself that might suggest that the death penalty is or is not appropriate in this case. If the jury finds the government has made a sufficient showing to justify imposition of the death penalty, the jury may, but is not required, to find in favor of the death penalty.

I wish to repeat that the Court's comments regarding the law as to the death penalty, or as to any sentence, are not in any way intended to suggest the case will necessarily proceed to a penalty stage or that Mr. Cyrus is guilty of any of the offenses charged. Rather, these remarks are intended only as an explanation as to the purpose of the questionnaire and the procedure you are to follow in completing it.

Further, because you are a potential juror in this case, I must instruct you that you are not to discuss this case, the selection process, or anything about the case, or your

3

1 experience in this courtroom with anyone until you are either excused from the case or, if
2 you are selected as a juror, until the case is completed. This admonition includes other
3 jurors, friends, and family. We know that it is difficult not to talk about something you are
4 involved in, but we must insist that you follow this admonition.

5 Finally, from time to time there is coverage of cases in this courtroom by the radio,
6 newspapers, magazines, or television. I do not know if we will have anyone covering this
7 case, but I must ask you to avoid any contact with the media and to avoid receiving any
8 information about this case that does not come directly from testimony, evidence, or
9 instructions given in this courtroom. A jury must decide a case based only on the evidence
10 it receives in the trial. Mr. Cyrus and the government have a right to expect that. I am sure
11 that if you were on trial, or involved in the case in any other way, you would expect that of
12 jurors yourself. To further assure your privacy and to reduce the potential for contact with
13 the media, we will be using an anonymous jury. In other words, your names will not be
14 used during or after any of the proceedings in this case, or even disclosed to the attorneys
15 or parties.

16 This concludes the Court's remarks and instructions at this time. Thank you very
17 much for your attention.

19 **IT IS SO ORDERED.**

21 Dated: November 5, 2008

_____
MAXINE M. CHESNEY
United States District Judge