1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11

12   UNITED STATES OF AMERICA,        )        No. CR 05-00324 MMC
                                      )
13          Plaintiff,                )
                                      )        [PROPOSED] ORDER REGARDING
14      v.                            )        **OUT-OF-DISTRICT TAINT TEAM**
                                      )
15   DENNIS CYRUS, JR.,               )
                                      )
16          Defendant.                )
     _____ )
17

18          Having reviewed the Government's Notice of Proposed Out-of-District Taint Team and
                                                                    at the hearing held
19   prior filings relating to Taint Team issues, and having heard from both parties on these issues in
     December 10, 2008
20   open court, IT IS HEREBY ORDERED that:

21          1.     The Taint Team shall consist of two Assistant United States Attorneys from the

22   Southern District of California, specifically AUSAs Todd Robinson and Josh Green (the "Taint

23   Team").

24          2.     The following restrictions will apply to all documents, records, and information

25   disclosed by the defendant to the Taint Team that relate to Rule 12.2 examinations of the

26   defendant, as well as all documents, records, and information obtained or developed by any

27   expert working with the Taint Team regarding the Rule 12.2 examinations of defendant:

28                 a.     The documents, records, and information shall be disclosed only to (i) the

1  Taint Team; (ii) additional individuals in the United States Attorney's Office (other than the

2  Northern District) and in the Department of Justice in Washington, D.C., not connected to the
   provided such disclosure is first approved by the Court, and
3  trial team; and (iii) any expert(s), or co-workers of any expert(s), working with the individuals

4  identified in this sub-paragraph.

5          b.      The foregoing documents, records, and information regarding the

6  examinations of the defendant will not be disclosed, directly or indirectly, by any authorized

7  individual to: Assistant United States Attorneys William Frentzen, Robert David Rees, Jim

8  Chou, or Brian Stretch; First Assistant United States Attorney David L. Anderson; United States

9  Attorney Joseph P. Russoniello; or to any other attorney, staff member, agent, expert or

10 consultant working for or with them (the "Prosecution Team") in connection with the

11 prosecution of this case during the period the firewall is in effect.

12         c.      The foregoing documents, records, and information shall be used by each

13 authorized individual solely for the purpose of this case.  No authorized individual may divulge

14 the documents, records, or information to anyone who is not an authorized individual during the

15 period the firewall is in effect.

16         d.      Submissions to the Court referring to the foregoing documents, records, or

17 information shall be (i) filed at least temporarily under seal, and (ii) served only on defense

18 counsel and the Taint Team.

19         e.      Each authorized individual shall file, under seal, a statement under oath

20 which represents that he or she has read a protective order reflecting the terms under which the

21 Taint Team and all Authorized Individuals must operate and which recognizes that a willful

22 violation of it may be deemed civil and/or criminal contempt.

23         f.      If an authorized individual learns of a possible violation of this order, he or

24 she shall promptly inform the Court.

25         g.      If, at any time during which the firewall is in effect, the Taint Team

26 believes that the information produced to them need not be protected by the firewall, they may

27 petition the Court for review pursuant to the procedure in subparagraph "d" above for a

28 determination whether the information should be protected by the firewall according to the terms

1    of this stipulation.

2          h.      The firewall shall remain in effect until otherwise ordered by the Court.

3 Following notification by defendant's counsel to the Taint Team regarding whether any, and

4 what, expert evidence produced to the Taint Team the defense will present in the penalty phase

5 of the trial, the Taint Team will then reveal the information produced to them by the defense and

6 developed by the Government's experts and related Taint Team's investigation to any other

7 Government attorney or employee. If, based on the notice provided by the defendant after any

8 guilty verdict, the defendant chooses not to present any particular expert evidence that was

9 produced to the Taint Team, then the Taint Team shall seal said evidence and shall not disclose

10 said evidence to the Prosecution Team until further order of the Court. If the Taint Team

11 believes that the evidence should nonetheless be available to any other Government attorney or

12 employee, the Taint Team will petition the Court according to the procedure in subparagraph "d"

13 above for a determination whether the evidence in question should be unsealed.

14      3.      The Taint Team will coordinate with the defense regarding the protection of

15 defendant Cyrus's right of access to counsel during any governmental mental health

16 examinations conducted under Federal Rule of Criminal Procedure 12.2(c).

17      4.      The Taint Team will be responsible for timely providing the defense the

18 video/audio record of the governmental FRCP 12.2(c) examination within the time period

19 ordered by the Court.

20      5.      The Taint Team will be responsible for timely informing the defense about the

21 nature and scope of the governmental examination, and for communicating with the defense

22 about any objections to the procedures or methodologies that the Government's expert(s) propose

23 to use in conducting their examination (including any objection to specific tests or testing

24 procedures suggested/requested by the Government and its expert(s)).

25      6.      The Taint Team will be responsible for providing the defense timely notice of the

26 identity and background of the Government's examiner(s).

27      7.      The Taint Team will be designated as the governmental litigation team on "nature

28 and scope" issues as these may be defined after the completion of the governmental examination

1    in the course of the defense's viewing/hearing the record of any governmental examination.

2    8.    AUSAs Douglas Sprague and Christine Wong are no longer members of the Taint

3    Team. The new Taint Team may consult with AUSA Douglas Sprague, but only in

4    connection with logistical, procedural, and administrative matters. The Taint Team may not

5    discuss with AUSA Sprague, for example, any substantive issues regarding any examination of

6    the defendant or the substance of any related documents, records, or information.

7    9.    The terms of this firewall will apply only to this case.

8    **IT IS SO ORDERED.**

9    Dated: December __23__, 2008

HONORABLE MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA