JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

WILLIAM FRENTZEN (LASBN 24421)
ROBERT DAVID REES (CASBN 229441)
Assistant United States Attorneys

   450 Golden Gate Avenue
   San Francisco, California 94102
   Telephone: (415) 436-7200
   Facsimile: (415) 436-7234
   Email: william.frentzen@usdoj.gov, robert.rees@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR 05-00324 MMC |
|---|---|---|
| Plaintiff, | ) | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE: DISCLOSURE OF WITNESS NAMES AND STATEMENTS** |
| v. | ) | |
| RAYMON HILL, et. al., | ) | |
| Defendants. | ) | Trial Date: February, 2009<br>Time: 8:30 a.m.<br>Court: Hon. Maxine M. Chesney |

With the agreement of the parties, and with the consent of the defendant, the Court enters the following order:

Defendant Dennis Cyrus, Jr. is charged with offenses which involve, *inter alia,* narcotics conspiracy, conspiracy to commit RICO violations, the murders of a federal witness and other victims, attempted murder, and other acts of violence. The Court has previously made a finding of a risk of harm to witnesses. The United States will produce to defendant's counsel John T. Philipsborn and James S. Thomson witness names and statements pursuant to the *Jencks* Act, 18 U.S.C.§ 3500, prior to the time required by

Protective Order
CR 05–00324 MMC

statute to counsel only.  The United States requests, and, defendant agrees, that disclosure of these materials be subject to the following restrictions:

1. Except when being actively examined for the purpose of the preparation of the defense of defendant, the witness names and statements produced by the United States to defense counsel shall be maintained in a locked safe, secure drawer, or cabinet, which is accessible only to defense counsel and counsel who are members of their trial preparation teams working with them to prepare the defense of the defendant.  Defense counsel and members of their trial preparation team shall not permit any person access of any kind to the witness names and statements except as set forth below.

2. The following individuals may examine the witness identities and statements for the sole purpose of preparing the defense of defendant and for no other purpose:

    a.    Counsel for the defendant, John T. Philipsborn and James S. Thomson;

    b.    Persons employed, or who have been contracted to work on this case, by defense counsel who are assisting with the preparation of defendant's defenses;

    c.    Any expert(s) retained on behalf of defendant to assist in the defense of this matter;

    d.    Any investigator(s) retained on behalf of defendants to assist in the defense of this matter; and

    e.    Defendant Dennis Cyrus, Jr., but only after opening statements to the jury begin in this matter.  After opening statements to the jury begin in this matter, defendant Dennis Cyrus, Jr. may be provided only a single copy of any document identifying witnesses or containing witness names, and each such single copy shall be clearly marked and identified on each page as the defendant's personal copy.  No person shall make any copies of any of the defendant's personal

copies for any reason at any time.

   f. Counsel for the defendant shall maintain a log of any copies made and provided to any of the aforementioned individuals, which log shall include the document(s) copied and the person(s) provided to for each copy made.

3. A copy of this order shall be maintained with the witness names and statements at all times.

4. All individuals who receive access to the materials pursuant to this Order, prior to receiving access to the materials, shall sign a copy of this order acknowledging that:

   a. They have reviewed the order;

   b. They understand all its contents;

   c. They agree that they will only access the witness names and statements for the purposes of preparing a defense for defendant;

   d. Prior to the beginning of opening statements, defense counsel will not make copies of any of the witness names or statements without express approval of government counsel, William Frentzen or Robert David Rees;

   e. They understand that failure to abide by this order may result in sanctions by this Court and criminal charges for contempt.

5. With regard to the orders signed pursuant to paragraph 4, counsel for defendant shall promptly file signed copies of the order, ex parte and under seal. The United States shall have no access to these signed copies without further order of the Court.

6. No other person may be allowed to examine the material without further court order. Examination of the information shall be done in a secure environment which will not expose the materials to other individuals not

Protective Order
CR 05–00324 MMC

3

listed above.

7. Other than the copies authorized and logged in paragraph 2, no copies of any of the witness names or statements may be made without further court order.

8. Any pleadings that include or make reference to the witness names, statements, or the above-described orders or their contents shall be filed under seal.

9. No person who has access to the witness names and statements shall inform any individual not listed above as to the identities of the witnesses disclosed in any manner, form, or fashion, whether written or oral. This obligation shall include suggesting in any way to an uncovered individual that any particular identified witness is testifying or what the substance of the testimony may include. This obligation also includes suggesting in any way to the defendant, prior to the time opening statements to the jury begin in this matter, that any particular identified witness is testifying or what the substance of the testimony may include.

10. Counsel for the defendant, within five court days of the conclusion of the above-captioned proceedings before the district court shall retrieve all copies made of all documents provided to anyone pursuant to this order and maintain them in a secure environment which will not expose the materials to any other person. By the same time, counsel for the defendant shall also file under seal and ex parte the log described in Paragraph 2.f. The United States shall have no access to this log without further order of the Court. By the same time, counsel for the defendant shall also file a sworn declaration indicating that all copies of the aforementioned materials have been retrieved and maintained in a secure environment which will not expose the materials to any other person. If the defendant believes that any

Protective Order
CR 05–00324 MMC

of these materials must be released to any other person for any reason related to appeal, the defendant must seek authorization from the District Court.

IT IS SO STIPULATED:

          JOSEPH P. RUSSONIELLO
          United States Attorney

DATED: January 13, 2009        By: _____/s/_____
          WILLIAM FRENTZEN
          ROBERT DAVID REES
          Assistant United States Attorneys

DATED: January 13, 2009        _____/s/_____
          JOHN T. PHILIPSBORN
          Attorney for Dennis Cyrus, Jr.

DATED: January 13, 2009        _____/s/_____
          JAMES S. THOMSON
          Attorney for Dennis Cyrus. Jr.

IT IS SO ORDERED that disclosure of the above-described materials shall be restricted as set forth above.

DATED: January 13, 2009        _____
          HON. MAXINE M. CHESNEY
          United States District Court Judge