JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
ROBERT DAVID REES (CSBN 229441)
Assistant United States Attorneys

   450 Golden Gate Avenue
   San Francisco, CA 94103
   Telephone: (415) 436-6959/7210
   Fax: (415) 436-7234
   E-mail: william.frentzen@usdoj.gov
         robert.rees@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DENNIS CYRUS, JR., <br><br> Defendant. | Case No: CR 05 0324 MMC <br><br> **UNITED STATES' AMENDED APPLICATION FOR AND [PROPOSED] ORDER RELEASING RESULTS OF DEFENDANT'S JUVENILE PROBATION DRUG TESTING UNDER 42 CFR §§ 2.1 & 2.2** |

     The defendant has indicated that he intends to present a defense of voluntary intoxication to the charges filed against him in the above-captioned case. The United States has learned that Cyrus was drug tested on a number of occasions as part of the terms of his juvenile probation in 2002.

     42 C.F.R. §§ 2.1(b)(2)(C) and 2.2(b)(2)(C) allow a Court to order the release of patient records related to drug and alcohol abuse respectively upon a showing of good cause. The United States submits that the aforementioned records are relevant to any rebuttal the United States may present to Cyrus's claim of voluntary intoxication as they provide an ongoing record of the types of drugs and alcohol, if any, the defendant may

United States' Application and Proposed Order Re: Juvenile Probation Drug Testing
CR 05 0324 MMC

have ingested at a given date during the time he is alleged to have committed the instant offenses. Accordingly, the Court should order the release of these materials under the aforementioned provisions.

The United States is aware that 42 C.F.R. §§ 2.1(c) and 2.2(c) both prevent the use of such records to, among other things, "substantiate any criminal charges against a patient." However, the regulation indicates that a Court order under §§ 2.1(b)(2)(C) and 2.2(b)(2)(C) overcomes such prohibition, and given that the defense has put the issue of Cyrus's potential substance abuse at issue, and given that the government intends only to present this material in its rebuttal case or at any penalty phase hearing where the issue of voluntary intoxication is put in issue by the defense, the United States submits that such disclosure is appropriate.

DATED: April 22, 2009

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

_____/s/_____
WILLIAM FRENTZEN
ROBERT DAVID REES
Assistant United States Attorneys

## [PROPOSED] ORDER

Pursuant to its authority under 42 C.F.R. §§ 2.1(b)(2)(C) and 2.2(b)(2)(C), which provide that a Court may order the release of patient records related to drug and alcohol prognoses, and in light of the defendant's stated intention to rely on a defense of voluntary intoxication during the time period he is charged with committing federal crimes in this case, this Court hereby ORDERS the release of all records, including results, related to any drug testing performed on Dennis Cyrus, Jr. in 2002 in connection with San Francisco Juvenile Probation to the Assistant United States Attorneys prosecuting the above-captioned case and any other employee of the United States

1 | Department of Justice who has been assigned to work on the above-captioned case.
2 |
3 | DATED: April 22, 2009
4 | _____
  | HON. MAXINE M. CHESNEY
5 | United States District Judge