DAVID L. ANDERSON (CSBN 149604)
Acting United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
ROBERT DAVID REES (CSBN 229441)
Assistant United States Attorneys

   450 Golden Gate Avenue
   San Francisco, CA 94103
   Telephone: (415) 436-6959/7210
   Fax: (415) 436-7234
   E-mail:   William.Frentzen@usdoj.gov
                Robert.Rees@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DENNIS CYRUS, JR., ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | No. CR 05 00324 MMC <br><br> **UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR DRUG-LAB RELATED POST-CONVICTION DISCOVERY** <br><br> Hearing: September 7, 2010 <br> Time: 10:00AM <br> Court: Honorable Maxine M. Chesney |

**INTRODUCTION**

The government hereby opposes the motion by defendant Cyrus for post-conviction discovery related to the San Francisco Police Department ("SFPD") crime lab. Defendant's motion should be denied because there is no identifiable right to post-conviction discovery. Even if there were, the information the defendant seeks is in the custody and control of a particular department—the drug lab—of a specific unit—the SFPD crime lab—of a distinct sovereign—the State of California—that cannot be deemed to be part of the "prosecution team" for *Brady* purposes. Even if it were, the United States has provided voluminous discovery on the issue that it obtained by wide-ranging

U.S. Opp. to Mot. for Discovery, CR-05-0324 MMC

subpoena from the SFPD that brings it in full compliance with *Brady*'s disclosure obligations, should they apply in these circumstances. Any follow-up investigation in response to that information desired by the defense is theirs to perform. In any event, the United States is unaware of any additional Rule 16, Jencks Act, or *Brady*-related discovery that has not been disclosed to the defense.

## ARGUMENT

**1. There Is No Identifiable Right to Post-Conviction Discovery**

The defendant has requested numerous areas of discovery regarding issues at the crime lab that surfaced well after trial concluded in this matter. The United States is aware of no provision of law grounding the defendant's request for post-conviction discovery. As the Supreme Court has recently noted, a "criminal defendant proved guilty after a fair trial does not have the same liberty interests as a free man. At trial, the defendant is presumed innocent and may demand that the government prove its case beyond reasonable doubt. But once a defendant has been afforded a fair trial and convicted of the offense for which he was charged, the presumption of innocence disappears." *District Attorney's Office for Third Judicial Dist. v. Osborne*, __ U.S. __ (2009 WL 1685601, 11) (2009) (internal quotation and editing marks omitted). As a result, pretrial discovery rights, including *Brady* itself, do not apply once a defendant has been convicted; instead, defendants have "only a limited interest in postconviction relief" and procedures to vindicate those interests are valid unless they "offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental, or transgress[] any recognized principle of fundamental fairness in operation." *Id.* (internal quotation marks omitted).

The Court ordered certain pre-trial disclosures. The United States complied with those orders and disclosed a substantial amount of information of its own accord prior to and during trial. The defendant has failed to provide any viable authority grounding their request for post-trial discovery, and instead rely primarily on *Brady v. Maryland*, 373

1  U.S. 83 (1963), which the Supreme Court has held "is the wrong framework." *District*
2  *Attorney's Office for Third Judicial Dist.,* __ U.S. at __ (2009 WL 1685601, 11).
3  Accordingly, the defendant's motion should be denied on this ground.
4  **2. The SFPD Drug Lab Is Not Part of the Prosecution Team**
5  A prosecutor's *Brady* and discovery obligations extend beyond the information of
6  which he or she is personally aware: "the individual prosecutor has a duty to learn of any
7  favorable evidence known to the others acting on the government's behalf in the case."
8  *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). The question, then, is who acts "on the
9  government's behalf" in a federal case such as this one. The Ninth Circuit's answer to
10 that question is: "The prosecutor will be deemed to have knowledge of and access to
11 anything in the possession, custody or control of any *federal* agency participating in the
12 same investigation of the defendant." *United States v. Bryan*, 868 F.2d 1032, 1036 (9th
13 Cir. 1989) (emphasis added).
14 In *Bryan*, the defendant challenged the scope of a Court's Rule 16/*Brady* discovery
15 order, and specifically the limitation on information within the relevant district. *See id.*
16 The Ninth Circuit rejected such a limitation on geographic scope, but recognized the
17 inherent limitation on sovereignty—the scope of a federal prosecutor's constructive
18 possession is limited to agents of the federal government. *See id.* The authors of the
19 majority opinion in *United States v. Fort*, 472 F.3d 1106 (9th Cir. 2007), specifically
20 recognized this principle in their concurrence to the denial of en banc review of that case.
21 *See United States v. Fort*, 478 F.3d 1099 (9th Cir. 1999) (Graber and Tallman, J.J.). They
22 stated that while local police reports can become privileged once they are in the *actual*
23 possession of the federal government, "unlike *Bryan*, *Fort* establishes no principle of
24 constructive possession" and thus does not extend *Brady* obligations to all documents
25 within the custody and control of a state investigative agency. *Id.* at 1100.
26 It is beyond dispute that the SFPD is not a federal agency. Accordingly, the
27 United States has no *Brady* obligation for material that may exist in the custody of the San
28 Francisco Police Department but is not actually possessed by the prosecution in this case.

U.S. Opp. to Mot. for Discovery, CR-05-0324 MMC

*See id.* And to be clear, the United States is not aware of any undisclosed *Brady* material in its possession originating from the San Francisco Police Department.

**3. *Brady* Is a Disclosure Obligation, Not an Investigative Obligation**

Despite the fact that the United States has no obligation to obtain or provide any information about the SFPD drug lab in SFPD custody, the government nevertheless voluntarily agreed to work to obtain from SFPD and provide information about the drug lab and Criminalist Deborah Madden to the defense. As stated in Court on August 11, 2010, an extremely wide-ranging subpoena was served on SFPD in an effort to obtain as much information as possible about the SFPD drug lab in general and Criminalist Deborah Madden in particular. Nearly all of the material that was responsive to that subpoena has been turned over to the defense.

The United States has reviewed that material and found nothing that would cast doubt on any of the defendant's sixteen counts of conviction. None of the material bears any direct relation to the drug tests that were actually performed and introduced at trial. Instead, the information can at best be considered impeachment material and newly discovered "evidence that would merely impeach a witness cannot support a motion for a new trial." *United States v. Kulczyk*, 931 F.2d 542, 548 (9th Cir. 1991).

Indeed, despite receiving over 4,200 pages of material on the subject over two months ago, not even the defense has thus far offered a single piece of evidence that would undermine the verdicts in this case. Rather, they have made repeated discovery requests to the federal government for information in SFPD's custody that is equally available to them, while alleging, without evidentiary support, that "something else" might be out there.

These requests misunderstand the nature of the prosecution's obligation under *Brady*. At bottom, *Brady* provides defendants a right of access to information in the possession of the prosecutor and his or her investigative agencies. While the prosecution has a duty to "investigate" the investigative agencies' files for exculpatory information, *Kyles*, 514 U.S. at 437, *Brady* and its progeny do not require the government to

investigate the potentially favorable *consequences and details* of that information for the defendant. In our adversarial system, that is the work of the defense. *See, e.g., Granviel v. Texas,* 495 U.S. 963, 964 (1990) (describing "our adversarial system, in which each party marshals evidence favorable to its side and aggressively challenges the evidence presented by the other side").

The *Brady* Court held "that the *suppression* by the prosecution *of evidence* favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963) (emphasis added). It is clear this obligation involves disclosure of evidence and information; it is fundamentally a disclosure obligation.

The defendant's wide-ranging requests amount to a demand that the United States investigate what happened at the SFPD crime lab and how it might affect their client. That is not the government's obligation. The United States fulfills its *Brady* obligations, for example, by informing a defendant of its knowledge that a witness has a criminal conviction. The United States is aware of no case, however, imposing upon the government a duty to investigate the underlying details of the conduct giving rise to the conviction and in what respects they could be favorable to the accused.

Put simply, "[e]vidence is not 'suppressed' [under *Brady*] if the defendant either knew, or should have known, of the essential facts permitting him to take advantage of any exculpatory evidence." *United States v. LeRoy*, 687 F.2d 610, 618 (2d Cir. 1982) (internal citations omitted). In this case, the United States has gone above and beyond its *Brady* obligations and obtained and provided thousands of pages of documents amounting, at the very least, to the "essential facts" about recently publicized issues at the SFPD crime lab and Criminalist Deborah Madden. How, if at all, the defendant follows up with, refines, or otherwise takes advantage of those essential facts is his obligation, not the United States'.

In any event, the United States has no reason to question that SFPD has fully

U.S. Opp. to Mot. for Discovery, CR-05-0324 MMC

5

1 complied in good faith with the subpoena served upon them. As such, the United States
2 is unaware of any additional Rule 16, Jencks Act, or *Brady*-related discovery that has not
3 been disclosed to the defense.

**CONCLUSION**

For the reasons stated herein, the government respectfully submits that the Court should deny defendant's latest motion for post-trial discovery.

Date: August 17, 2010                    Respectfully submitted,

                                         DAVID L. ANDERSON
                                         Acting United States Attorney

                              By:        _____/s/_____
                                         WILLIAM FRENTZEN
                                         ROBERT DAVID REES
                                         Assistant United States Attorneys

U.S. Opp. to Mot. for Discovery, CR-05-0324 MMC
6