# United States District Court
## Northern District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>v.<br>DENNIS CYRUS JR., A/K/A "DADDY-O" | **JUDGMENT IN A CRIMINAL CASE**<br>USDC Case Number: CR-05-00324-002 MMC<br>BOP Case Number: DCAN305CR000324-002<br>USM Number: 93098-111<br>Defendant's Attorney: James Thomson, 819 Delaware Street, Berkeley, CA 94710; John Philipsborn, 507 Polk Street, Suite 350, San Francisco, CA 94102 |

**THE DEFENDANT:**

[ ] pleaded guilty to count(s): __.
[ ] pleaded nolo contendere to count(s) __ which was accepted by the court.
[x] was found guilty on count(s) One through Sixteen of the Redacted Superseding Indictment after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| See next page. | | | |

    The defendant is sentenced as provided in pages 2 through 10 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) __.

[ ] Count(s) __ (is)(are) dismissed on the motion of the United States.

    IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

 

November 19, 2010
Date of Imposition of Judgment

*/s/ Maxine M. Chesney*
Signature of Judicial Officer

Honorable Maxine M. Chesney, U. S. District Judge
Name & Title of Judicial Officer

November 23, 2010
Date

**ADDITIONAL COUNTS OF CONVICTION**

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of Cocaine Base | August 31, 2002 | 1 |
| 18 U.S.C. § 1962(d) | Conspiracy to Participate in a Racketeer Influenced and Corrupt Organization | September 8, 2002 | 2 |
| 18 U.S.C. § 1959(a)(5) | Violent Crime in Aid of Racketeering (Attempted Murder) | July 28, 2002 | 3 |
| 18 U.S.C. § 1959(a)(3) | Violent Crime in Aid of Racketeering (Assault With Deadly Weapon) | July 28, 2002 | 4 |
| 18 U.S.C. § 1959(a)(1) | Violent Crime in Aid of Racketeering (Murder) | August 23, 2002 | 5 |
| 18 U.S.C. § 1959(a)(1) | Violent Crime in Aid of Racketeering (Kidnaping) | August 23, 2002 | 6 |
| 18 U.S.C. § 1959(a)(1) | Violent Crime in Aid of Racketeering (Murder) | August 31, 2002 | 7 |
| 18 U.S.C. § 1959(a)(1) | Violent Crime in Aid of Racketeering (Murder) | September 8, 2002 | 8 |
| 18 U.S.C. §§ 1512(a)(1)(A) and © | Witness Murder | September 8, 2002 | 9 |
| 18 U.S.C. §§ 1513(a)(1)(A) and (B) | Witness Retaliation | September 8, 2002 | 10 |
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) | Possession with Intent to Distribute Cocaine Base in the Form of Crack | August 31, 2002 | 11 |
| 21 U.S.C. § 860(a) | Possession of Cocaine Base with Intent to Distribute Within One Thousand Feet of a Public Elementary School | August 31, 2002 | 12 |
| 18 U.S.C. § 924(c)(1)(A)(iii) | Using, Carrying, and Possessing a Firearm During and in Relation to a Crime of Violence | July 28, 2002 | 13 |
| 18 U.S.C. § 924(c)(1)(A)(iii) | Using, Carrying, and Possessing a Firearm During and in Relation to a Crime of Violence | August 23, 2002 | 14 |
| 18 U.S.C. § 924(c)(1)(A)(iii) | Using, Carrying, and Possessing a Firearm During and in Relation to a Crime of Violence | August 31, 2002 | 15 |
| 18 U.S.C. § 924(c)(1)(A)(iii) | Using, Carrying, and Possessing a Firearm During and in Relation to a Crime of Violence | September 8, 2002 | 16 |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of <u>Life without the possibility of release</u>.

This term consists of terms of Life without possibility of release on each of Counts Five, Seven and Eight; a term of Life on each of Counts One, Six, Nine, Ten, Thirteen, Fourteen, Fifteen and Sixteen; a term of Forty years on Count Twelve; a term of Twenty years on each of Counts Two, Four and Eleven; a term of Ten years on Count Three; all said terms to run concurrently, but for Counts Five, Seven, Eight, Thirteen, Fourteen, Fifteen, and Sixteen, which shall be served consecutively to each other and to the remaining Counts.

[**x**]    The Court makes the following recommendations to the Bureau of Prisons:
That the defendant be placed in a facility in the State of California, or as close to California as possible, to facilitate family visits.

[**x**]    The defendant is remanded to the custody of the United States Marshal. The appearance bond is hereby exonerated.

[ ]    The defendant shall surrender to the United States Marshal for this district.
   [ ] at ___ [] am [] pm on ___.
   [ ] as notified by the United States Marshal.

   The appearance bond shall be deemed exonerated upon the surrender of the defendant.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   [ ] before 2:00 pm on ___.
   [ ] as notified by the United States Marshal.
   [ ] as notified by the Probation or Pretrial Services Office.

   The appearance bond shall be deemed exonerated upon the surrender of the defendant.

# RETURN

I have executed this judgment as follows:

___

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>Life</u> .
This term consists of terms of Life on each of Counts One, Eleven and Twelve; three years on each of Counts Two, Three, and Four; five years on each of Counts Six, Nine, Ten, Thirteen, Fourteen, Fifteen and Sixteen; all such terms to be served concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)
[**x**] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check if applicable.)
[**x**] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)
[ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)
[ ] The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions in this judgment.

## STANDARD CONDITIONS

1) The defendant shall not leave the judicial district without permission of the court or probation officer;
2) The defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependants and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall consent to be monitored by the form of location monitoring indicated below and shall abide by all of the requirements established by the probation office related to the use of this location monitoring technology. The participant shall pay all or part of the cost of participation in the location monitoring program, based on their ability to pay as directed by the probation officer.

Location monitoring technology at the discretion of the probation officer.

2. The defendant is restricted to his residence at the direction of the probation officer except for medical necessities and court appearances or other activities specifically approved by the court.

3. The defendant shall abstain from the use of all alcoholic beverages.

4. The defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from treatment by the probation officer. The defendant is to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of urinalysis and counseling. The actual co-payment schedule shall be determined by the probation officer.

5. The defendant shall participate in a mental health treatment program, as directed by the probation officer. The defendant is to pay part or all cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of mental health counseling. The actual co-payment schedule shall be determined by the probation officer.

6. The defendant shall submit his person, property, place of residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to a search at any time of the day or night, with or without a warrant, with or without probable cause, and with or without reasonable suspicion, by a probation officer or any federal, state, or local law enforcement officer. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

7. The defendant shall not associate with any member of the Page Street Mob gang. The defendant shall have no connection whatsoever with the Page Street Mob or any other gang. If he is found to be in the company of such individuals or wearing the clothing, colors, or insignia of the Page Street Mob, or any other gang, the court will presume that the association was for the purpose of participating in gang activities.

8. The defendant shall not have contact with any codefendant in this case, namely Raymon D. Hill a/k/a "Money Ray," Aquil H. Peterson a/k/a "Quil," Lester W. Hogan a/k/a "Styles," Steve Wilson a/k/a "Wolf," a/k/a "Solo," Donald J. Armour a/k/a "DJ,", and Mister Meilleur a/k/a "Mister,".

9. The defendant shall not be in the vicinity of San Francisco, California, unless otherwise approved by the probation officer.

10. The defendant shall have no contact with the victims and/or the victims' families, unless otherwise directed by the probation officer.

11. The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

12. The defendant shall comply with the portion of this judgment that requires that notice be given to victims of the offense.

DEFENDANT: DENNIS CYRUS JR. A.K.A. "DADDY-O"  Judgment - Page 7 of 10
CASE NUMBER: CR-05-00324-002 MMC

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 1,600.00 | $ 0 | $ 0 |

[ ] The determination of restitution is deferred until __. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Totals: | $ | $ | |

[ ] Restitution amount ordered pursuant to plea agreement $ __

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6, may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   [ ] the interest requirement is waived for the   [ ] fine   [ ] restitution.

   [ ] the interest requirement for the   [ ] fine   [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A [ ] Lump sum payment of $ due immediately, balance due

    [ ] not later than ___, or

    [ ] in accordance with ( ) C, ( ) D, ( ) E or ( ) F below; or

B [ ] Payment to begin immediately (may be combined with ( ) C, ( ) D, or ( ) F below); or

C [ ] Payment in equal quarterly (e.g. weekly, monthly, quarterly) installments of $_ over a period of __ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D [**x**] Payment in equal quarterly installments of $ 25.00 over a period of life, to commence 30 days after release from imprisonment to a term of supervision; or

E [ ] Payment during the term of supervised release will commence within (e,g, 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

    [ ] Joint and Several

| Defendant and co-defendant Names | Case Numbers (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee (if appropriate) |
|---|---|---|---|---|
|  |  |  |  |  |

    [ ] The defendant shall pay the cost of prosecution.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

# DENIAL OF FEDERAL BENEFITS
(For Offenses Committed on or After November 18, 1988)

## FOR DRUG TRAFFICKERS PURSUANT TO 21 U.S.C. § 862(a)

IT IS ORDERED that the defendant shall be:

[x] ineligible for all federal benefits for a period of 10 years.

[ ] ineligible for the following federal benefits for a period of _.

(specify benefit(s))

## OR

[ ] Having determined that this is the defendant's third or subsequent conviction for distribution of controlled substances, IT IS ORDERED that the defendant shall be permanently ineligible for all federal benefits.

## FOR DRUG POSSESSORS PURSUANT TO 21 U.S.C. § 862(b)

IT IS ORDERED that the defendant shall be:

[ ] be ineligible for all federal benefits for a period of _.

[ ] be ineligible for the following federal benefits for a period of _.
(specify benefit(s))

[ ] successfully complete a drug testing and treatment program.

[ ] perform community service, as specified in the probation and supervised release portion of this judgment.

[ ] Having determined that this is the defendant's second or subsequent conviction for possession of a controlled substance, IT IS FURTHER ORDERED that the defendant shall complete any drug treatment program and community service specified in this judgment as a requirement for the reinstatement of eligibility for federal benefits.

Pursuant to 21 U.S.C. § 862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility. The clerk of court is responsible for sending a copy of this page and the first page of this judgment to:

U.S. Department of Justice, Office of Justice Programs, Washington, DC 20531