IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>DENNIS CYRUS, JR.,<br><br>    Defendant | No. CR 05-0324 MMC<br><br>**ORDER DENYING IN PART AND DIRECTING GOVERNMENT TO RESPOND IN PART TO DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

Before the Court is defendant Dennis Cyrus, Jr.'s "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody in Violation of the United States Constitution, Law and Treaties of the United States and Congress."[1] Having read and considered the motion, the Court rules as follows.

Section 2255 provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney." See 28 U.S.C. § 2255(b).

//

---

[1] Although the motion was filed by the Clerk of Court on October 21, 2014, defendant, who proceeds pro se, declares that he presented the motion to prison authorities for mailing on October 9, 2014. (See Certificate of Service, filed October 21, 2014.) Under the "mailbox rule," a filing by a pro se prisoner is deemed filed on the date such prisoner presents it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 274-76 (1988); see also Rules Governing Section 2255 Procedures, Rule 3((d). Consequently, the Court will treat the motion as having been filed on October 9, 2014.

In his motion, defendant asserts three claims: (1) "the government suppressed and withheld material evidence and information concerning its witness, Debbie Madden," specifically, that she "was a thief, being investigated for stealing and tampering with the very narcotics for which she was responsible for testing," in violation of Brady v. Maryland, (see Mot. at 26); (2) "the indictment was multiplicitious" because it "charge[d] multiple counts for a single offense" (see Mot. at 29); and (3) defendant was "denied effective assistance of counsel" (see Mot. at 30), because counsel did not discover the above-referenced evidence concerning Debbie Madden and did not challenge the assertedly multiplicitious charges in the indictment (see Mot. at 32).

**A. Claims 1 and 2**

The issue set forth in Claim 1 was raised by defendant's trial counsel in several motions (see Docket Nos. 1615-16, 1618, 1628, 1638-39, 1647); following hearings on the matter, the Court found the government had not violated Brady and, specifically, that it had not withheld any material evidence or information concerning Debbie Madden (see Docket Nos. 1681 at 15-19, 1665 at 19-20). The issue set forth in Claim 2 was raised by trial counsel in a motion to dismiss the indictment (see Docket No. 911), and, following a hearing, the Court found none of the counts was subject to dismissal as multiplicitious (see Docket Nos. 109, 1600 at 101-03). Defendant did not challenge the Court's findings as to either such issue on direct appeal.

In light of the above, it would appear, at least on first impression, that Claims 1 and 2 are procedurally defaulted. See United States v. Braswell, 501 F.3d 1147, 1149 n.1 (9th Cir. 2007) (holding claim raised in federal habeas proceeding is "procedurally defaulted" when claim "not raised on direct appeal, absent a showing of cause and prejudice or actual innocence"). Nonetheless, and although at least one circuit has approved a court's sua sponte finding of procedural default, see Hines v. United States, 971 F.2d 506, 508 (10th Cir. 1992) (holding district court "can address sua sponte a § 2255 movant's failure to raise [an] issue on direct appeal"), the Court finds it appropriate that the government address the issue of procedural default and/or the merits of Claims 1 and 2.

**B. Claim 3**

In Claim 3, defendant, as noted, contends his trial counsel was ineffective. "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components." Strickland v. Washington, 466 U.S. 668, 687 (1984). "First, the defendant must show that counsel's performance was deficient," which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. "Second, the defendant must show that the deficient performance prejudiced the defense." Id. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id.

Here, although defendant asserts his "counsel was ineffective for failing to discover" the above-referenced evidence concerning Debbie Madden (see Mot. at 32), the record establishes the contrary. Specifically, defendant's trial counsel brought to the Court's attention the very evidence to which defendant refers, specifically, that Debbie Madden was under investigation for stealing and tampering with narcotics, and counsel moved, albeit unsuccessfully, for a new trial in light of such evidence having been discovered. (See Docket Nos. 1638-39, 1644, 1647.)

Defendant's assertion that his counsel was ineffective for not "identifying the multiplicitous charges in the indictment" (see Mot. at 32) likewise is belied by the record. Specifically, defendant's trial counsel did file a motion, and argued at a contested hearing, that four counts in the indictment be dismissed as multiplicitous. (See Docket No. 911.)[2]

In sum, the record establishes that the actions defendant asserts were not taken by his trial counsel were, in fact, taken by said counsel.

Accordingly, as "the files and records of the case conclusively show that [defendant] is entitled to no relief" on Claim 3, see 28 U.S.C. § 2255(b), said claim will be dismissed.

//

---

[2]Defendant does not specify the particular counts he claims are multiplicitous.

**CONCLUSION**

For the reasons stated above,

1. To the extent the motion seeks relief on the grounds stated in Claims 1 and 2, the Court hereby sets the following briefing schedule:

    a. No later than December 5, 2014, the government shall file its opposition.

    b. No later than January 5, 2015, defendant shall file any reply.

    c. As of January 5, 2015, the Court will take the matter under submission.

2. To the extent the motion seeks relief on the grounds stated in Claim 3, the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: November 4, 2014

MAXINE M. CHESNEY
United States District Judge