IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DENNIS CYRUS,<br>Defendant. | Case No. 05-cr-00324-MMC-2<br><br>**ORDER DENYING MOTION FOR IMPOSITION OF REDUCED SENTENCE**<br><br>Re: Doc. No. 1752 |

Before the Court is the "Motion for Imposition of a Reduced Sentence Pursuant to 404 of the First Step Act," filed April 13, 2020, by defendant Dennis Cyrus, appearing pro se.[1]  By said motion, defendant seeks a reduction of the sentence imposed on Count One of the Superseding Indictment, in which he was charged with Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of Cocaine Base in the Form of Crack, in violation of Title 21 of the United States Code §§ 846 and 841(b)(1)(A)(iii).  Having read and considered the motion, the Court rules as follows.

On October 18, 2007, the Superseding Indictment was filed, charging defendant with sixteen felony counts, including, in addition to the narcotics conspiracy, a RICO conspiracy, kidnapping, attempted murder, and three murders.  On May 13, 2009, at the close of a lengthy trial, a jury rendered its verdict of guilty on all counts.  Thereafter, on November 19, 2010, judgment was imposed, which judgment included, as to Count One,

---

[1] Pursuant to Miscellaneous Order 2019.01.25, the motion was referred to the Office of the Federal Public Defender to determine whether it wished to present the above motion on defendant's behalf.  On April 20, 2020, the Federal Public Defender advised the Court that it did not intend to assume such representation.

a sentence of life imprisonment.

At the time the offense charged in Count One was committed, the statutory penalty for that offense was a term of ten years to life. Subsequently, pursuant to the Fair Sentencing Act of 2010, the statutory penalties for distribution of crack cocaine were reduced. As a result, the penalty for distribution of the quantity with which defendant was charged in Count One is now a term of five to forty years, see 21 U.S.C. § 841(b)(1)(B)(iii), and, as defendant points out, the First Step Act of 2018 made that reduction retroactive to such offenses committed prior August 3, 2010, see Pub. L. No. 115-391, 132 Stat. 5194 (2018). The Court thus finds defendant is categorically eligible for resentencing on Count One. See id. (defining "covered offense").

Eligibility for resentencing under the First Step Act is not, however, the equivalent of entitlement to resentencing. Rather, the Court has discretion to determine whether a lesser sentence is appropriate. See id. (providing court "may, on motion of the defendant . . ., impose a reduced sentence"). Here, as noted, defendant was convicted of committing not only the offense charged in Count One, but a number of very serious crimes as well, including three separate murders. Those murders, one of which was of a witness in a federal criminal prosecution, were charged as violent crimes in aid of racketeering. For each of those VICAR murders, defendant was sentenced to a mandatory life term of imprisonment, which sentences were ordered to be served consecutively. Moreover, under the United States Sentencing Guidelines, defendant's adjusted offense level, which was calculated without reference to any charged drug quantity, see USSG §§ 2A1.1(a), 2D1.1(d)(1); see also id. § 3D1.4, is higher than level 43, the level at which the guideline range for all criminal history categories is life.

Under all of the above circumstances, the Court finds the sentence originally imposed on Count One remains the appropriate penalty for that offense.

//

//

//

Accordingly, the motion for imposition of a reduced sentence is hereby DENIED.

**IT IS SO ORDERED.**

Dated: April 23, 2020

MAXINE M. CHESNEY
United States District Judge